NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BENJAMIN WAYNE LATHAM, PATRICIA MUSILECK LATHAM,**
*Petitioners*

v.

**SECRETARY OF VETERANS AFFAIRS,**
*Respondent*

---

2025-1540

---

Petition for review pursuant to 38 U.S.C. Section 502.

-------------------------------------------------

**BENJAMIN W. LATHAM,**
*Claimant-Appellant*

v.

**DOUGLAS A. COLLINS, Secretary of Veterans Affairs,**
*Respondent-Appellee*

---

2025-1390, 2025-1391

---

Appeals from the United States Court of Appeals for Veterans Claims in Nos. 23-6532 and 24-8210, Judge Coral Wong Pietsch.

---

**ON MOTION**

---

Before TARANTO, WALLACH, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

# ORDER

Benjamin Wayne Latham and Patricia Musileck Latham move for an injunction pending appeal and to treat Appeal No. 2025-1540 as a companion to Mr. Latham's appeals from the United States Court of Appeals for Veterans Claims, Appeal Nos. 2025-1390 and 2025-1391. They also move to expedite Appeal No. 2025-1540. The Secretary of Veterans Affairs moves for leave to file his opposition to the motion for interim relief out-of-time and moves for an extension of time to file the certified list; petitioners oppose and seek sanctions.

The court denies the companion-treatment request at least because Appeal Nos. 2025-1390 and 2025-1391 have been expedited while Appeal No. 2025-1540 involves a newly-docketed petition that is months behind in briefing. The petitioners have not demonstrated entitlement to expediting Appeal No. 2025-1540 to the extent they seek to limit the time for the Secretary to file the certified list or the response brief. However, petitioners may self-expedite by filing their opening brief and reply brief before the relevant deadlines, and the court will expedite Appeal No. 2025-1540 to the extent the matter will be placed on the next available calendar following completion of briefing. The Secretary's motion for an extension of time to file the certified list is granted.

We deny the motion for interim relief. Our determination regarding that request is governed by four factors: (1) whether the movant has made a strong showing of a likelihood of success on the merits; (2) whether the movant will be irreparably harmed absent interim relief; (3) whether issuance of the injunction will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). Without prejudicing the ultimate disposition of the issues, we conclude that petitioners have not made a sufficient showing for interim relief under the circumstances here.[1]

Accordingly,

---

[1] We deny the Secretary of Veterans Affairs's motion for leave to file his opposition out-of-time as moot and do not accept the petitioners' reply to that opposition. We deny petitioners' motion for sanctions.

IT IS ORDERED THAT:

(1) The motion for interim relief is denied, and the Secretary's motion to file his opposition to that motion out-of-time is denied as moot. The motion for sanctions is denied.

(2) The motions to companion Appeal No. 2025-1540 and Appeal Nos. 2025-1390 and 2025-1391 are denied.

(3) The motion to expedite is granted to the extent provided in this order, and the motion for an extension of time to file the certified list is granted.

(4) The Clerk of Court shall transmit a copy of this order to the merits panel assigned to Appeal No. 2025-1540 and to the merits panel assigned to Appeal Nos. 2025-1390, 2025-1391.

FOR THE COURT

April 21, 2025
Date

Jarrett B. Perlow
Clerk of Court